3:25-cv-00090

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

**Plaintiff:** Drew J. Ribar

**Defendants:** State of Nevada, Nevada Legislative Counsel Bureau, et al.

**Case No.:**

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**INTRODUCTION**

Plaintiff, Drew J. Ribar, moves for a **preliminary injunction** pursuant to **Rule 65(a) of the Federal Rules of Civil Procedure**, prohibiting Defendants from enforcing Nevada's **Lobbying Act (NRS 218H)** in a manner that bars him from simultaneously registering as a **media member and a lobbyist**.

**LEGAL STANDARD**

A preliminary injunction is warranted where:

1. Plaintiff is **likely to succeed on the merits** (*Winter v. NRDC, 555 U.S. 7, 20 (2008)*).
2. Plaintiff will suffer **irreparable harm** without relief.
3. The **balance of equities** favors Plaintiff.
4. An injunction serves the **public interest**.

**ARGUMENT**

1. **Likelihood of Success on the Merits**

    o   The **First Amendment** protects **both press freedoms and the right to petition** (*McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995)*).

PLEADING TITLE - 1

- Defendants' policy **improperly forces individuals to choose between two fundamental rights** (*Citizens United v. FEC*, 558 U.S. 310 (2010)).
- Under *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), the state must **demonstrate a historical tradition of restricting dual press-lobbying roles**, which it cannot.

2. **Irreparable Harm**
   - Denial of **press credentials** prevents Plaintiff from **covering legislative sessions**.
   - Plaintiff's **lobbying efforts are hindered**, silencing his speech.

3. **Balance of Equities**
   - Nevada faces **no harm** if Plaintiff registers as both a journalist and a lobbyist.

4. **Public Interest**
   - **Greater government transparency** benefits the public (*Garrison v. Louisiana*, 379 U.S. 64 (1964)).

## CONCLUSION

For the foregoing reasons, the Court should issue a **preliminary injunction** allowing Plaintiff to register as both **media and lobbyist** pending final judgment.

/S/Drew J. Ribar

Dated: **February 14, 2025**

**Respectfully submitted,**

**DREW J. RIBAR, PRO SE**

PLEADING TITLE - 2

3:25-cv-00090

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA (NORTHERN DIVISION)

DREW J. RIBAR,

Plaintiff,

v.

STATE OF NEVADA;

NEVADA LEGISLATIVE COUNSEL BUREAU;

KEVIN C. POWERS, in his official and individual capacity;

LOBBYIST REGISTRAR, in their official and individual capacity;

DOE DEFENDANTS 1-10,

Defendants.

Case No.:

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

## INTRODUCTION

Plaintiff **Drew J. Ribar** respectfully submits this memorandum in support of his **Motion for Preliminary Injunction** to prohibit Defendants from enforcing **Nevada Revised Statutes**

PLEADING TITLE - 1

(NRS) Chapter 218H in a manner that prevents him from simultaneously registering as both a **credentialed member of the press and an unpaid lobbyist.**

This restriction violates Plaintiff's **First and Fourteenth Amendment rights under the U.S. Constitution and Article 1, Sections 9 & 10 of the Nevada Constitution.** Defendants have provided **no historical basis** for restricting individuals from engaging in both press and petitioning activities, rendering the restriction **unconstitutional under New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022).**

Plaintiff is **likely to succeed on the merits**, faces **irreparable harm**, and the balance of equities and public interest strongly favor granting the injunction.

## LEGAL STANDARD

A **preliminary injunction** is warranted when the Plaintiff demonstrates:

1. A **likelihood of success on the merits**;
2. That he is **likely to suffer irreparable harm** in the absence of preliminary relief;
3. That the **balance of equities** tips in his favor; and
4. That an **injunction is in the public interest.**

(*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).).

PLEADING TITLE - 2

In **First Amendment cases**, the likelihood of success **alone may justify** a preliminary injunction due to the **irreparable nature of constitutional violations** (*Elrod v. Burns, 427 U.S. 347, 373 (1976)*).

# ARGUMENT

## I. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

### A. The Restriction Violates the First Amendment

1. **Freedom of the Press & Right to Petition**
   - The **First Amendment** protects both **freedom of the press and the right to petition the government.**
   - The **government cannot condition the exercise of one constitutional right upon the forfeiture of another** (*Citizens United v. FEC, 558 U.S. 310 (2010)*).

2. **No Historical Justification Exists**
   - Under *Bruen*, a law restricting constitutional rights **must be consistent with historical traditions.**
   - **Defendants fail to identify any law from 1791 (U.S. Constitution ratification) or 1864 (Nevada Constitution adoption) restricting individuals from engaging in both press and lobbying activities.**

3. **The Restriction is Overbroad and Discriminatory**

PLEADING TITLE - 3

- The law **favors traditional media while restricting independent journalists** like Plaintiff, violating **Reed v. Town of Gilbert, 576 U.S. 155 (2015)**.

## B. The Restriction Violates the Nevada Constitution

1. **Article 1, Section 9 (Free Speech & Press Rights)**
   - "No law shall be passed to restrain or abridge the liberty of speech or of the press."
   - Nevada's Constitution **provides stronger protections** than the First Amendment.
2. **Article 1, Section 10 (Right to Petition)**
   - "The people shall have the right freely to assemble together to consult for the common good, to instruct their representatives, and to petition the Legislature for redress of grievances."
   - The **Legislature cannot restrict lobbying activity arbitrarily.**

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM WITHOUT AN INJUNCTION

- **Loss of First Amendment rights constitutes per se irreparable harm** (*Elrod v. Burns, 427 U.S. 347, 373 (1976)*).
- Plaintiff is **barred from engaging in political advocacy** and **covering legislative events.**

PLEADING TITLE - 4

- Without relief, Plaintiff will **lose access during the 2025 legislative session**, permanently harming his journalism and advocacy.

## III. THE BALANCE OF EQUITIES FAVORS PLAINTIFF

- **Defendants suffer no harm** if Plaintiff receives dual credentials.
- **Plaintiff, however, loses access to fundamental rights if relief is not granted.**
- Courts have **long recognized that restricting press access to government violates the balance of equities** (*Garrison v. Louisiana, 379 U.S. 64 (1964)*).

## IV. AN INJUNCTION SERVES THE PUBLIC INTEREST

- **More media coverage** of legislative activity benefits the public (*Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982)*).
- **Public interest is always served by preventing the government from violating constitutional rights.**

# HISTORICAL EVIDENCE SUPPORTING PLAINTIFF'S CLAIMS

## A. WALLY WARREN – HISTORICAL PRECEDENT IN NEVADA

PLEADING TITLE - 5

- **Wally Warren, a journalist and lobbyist, was simultaneously credentialed in Nevada's Legislature.**
- **A plaque in the legislative building honors his work.**
- This directly contradicts Defendants' claim that **Nevada has never allowed dual roles.**

## B. BENJAMIN FRANKLIN – NATIONAL HISTORICAL PRECEDENT

- **Benjamin Franklin was both a journalist and an advocate, lobbying for legislative changes while publishing political content.**
- **Franklin actively worked with legislators while operating "The Pennsylvania Gazette."**
- Under the *Bruen* standard, **early American journalists frequently engaged in lobbying without restriction.**

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue a **preliminary injunction**, allowing him to obtain **both media credentials and lobbyist registration** while this case is pending.

**Dated:** February 14, 2025

**Respectfully submitted,**

**DREW J. RIBAR, PRO SE**

PLEADING TITLE - 6

3:25-cv-00090

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA (NORTHERN DIVISION)

DREW J. RIBAR,

Plaintiff,

v.

STATE OF NEVADA;

NEVADA LEGISLATIVE COUNSEL BUREAU;

KEVIN C. POWERS, in his official and individual capacity;

LOBBYIST REGISTRAR, in their official and individual capacity;

DOE DEFENDANTS 1-10,

Defendants.

Case No.:

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

**Before the Court is Plaintiff Drew J. Ribar's Motion for Preliminary Injunction.** The Court, having considered Plaintiff's Motion, the accompanying Memorandum in Support, supporting exhibits, and applicable law, hereby **GRANTS** the Motion for the reasons set forth below.

**FINDINGS OF FACT**

PLEADING TITLE - 1

1. Plaintiff, **Drew J. Ribar**, applied for **both press credentials and unpaid lobbyist registration** for the 2025 Nevada Legislative Session.

2. Defendants denied Plaintiff's application, citing **NRS 218H**, which prohibits individuals from **simultaneously acting as media and as a lobbyist**.

3. Plaintiff alleges that this restriction **violates his rights under the First and Fourteenth Amendments to the U.S. Constitution** and **Article 1, Sections 9 & 10 of the Nevada Constitution**.

4. Plaintiff contends that **historical precedent, including the roles of Wally Warren in Nevada and Benjamin Franklin in early America, support the exercise of both rights simultaneously.**

5. The Court finds that Plaintiff has **established a likelihood of success on the merits**, as Defendants have failed to demonstrate any **historical justification** for restricting dual press and lobbying roles.

6. The Court further finds that Plaintiff will suffer **irreparable harm** absent an injunction, as he will be **denied access to report on and petition the Legislature during an active legislative session.**

7. The **balance of equities favors Plaintiff**, as **Defendants will suffer no harm if the restriction is lifted**, whereas Plaintiff's ability to exercise his constitutional rights is significantly impaired.

8. The **public interest supports granting the injunction**, as **greater transparency and access to government proceedings** serve democratic principles.

# CONCLUSIONS OF LAW

Based on the foregoing findings, the Court concludes:

1. **Likelihood of Success on the Merits**
   - Plaintiff has demonstrated a strong likelihood of success on the merits of his **First Amendment and Nevada constitutional claims** (*New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022)*, *McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995)*).
   - The Defendants' restriction on simultaneous press and lobbying roles is **overbroad, lacks historical precedent, and impermissibly burdens fundamental rights** (*Citizens United v. FEC, 558 U.S. 310 (2010)*).
2. **Irreparable Harm**
   - The **denial of constitutional rights constitutes per se irreparable harm** (*Elrod v. Burns, 427 U.S. 347, 373 (1976)*).
3. **Balance of Equities**
   - **The state has no legitimate interest in suppressing Plaintiff's ability to exercise both rights**, particularly when historical precedent contradicts such a restriction (*Reed v. Town of Gilbert, 576 U.S. 155 (2015)*).
4. **Public Interest**
   - **Public interest is always served when unconstitutional restrictions on speech are lifted** (*Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982)*).

PLEADING TITLE - 3

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. **Defendants are ENJOINED from enforcing NRS 218H in a manner that prevents Plaintiff from simultaneously registering as a lobbyist and obtaining media credentials.**
2. **Defendants shall immediately issue Plaintiff both press credentials and lobbyist registration, allowing him full access to the Nevada Legislative Session while this litigation proceeds.**
3. **This injunction shall remain in effect pending final resolution of this case or further order of the Court.**

SO ORDERED this ____ day of _____, 2025.

BY THE COURT:

_____
United States District Judge

PLEADING TITLE - 4