UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| DREW J. RIBAR,<br><br>                          Plaintiff,<br>     v.<br>STATE OF NEVADA et al.,<br><br>                          Defendants. | Case No. 3:25-cv-00090-ART-CSD<br><br>ORDER |

*Pro se* Plaintiff Drew Ribar brings this action against Defendants State of Nevada, Nevada Legislative Counsel Bureau, Kevin C. Powers, and Lobbyist Registrar, alleging constitutional violations related to rules on registering as a lobbyist and receiving media credentials at the Nevada Senate and Assembly. (ECF No. 1.) Pending before the Court is Plaintiff's motion for a preliminary injunction (ECF No. 4), Plaintiff's motion for a hearing (ECF No. 12), Defendants' motion to dismiss (ECF No. 16), and Plaintiff's motion for leave to amend his complaint (ECF No. 22). Because the Court grants Plaintiff's motion for leave to amend, it denies the other motions as moot without prejudice.

**I.     DISCUSSION**

"[A] court should liberally allow a party to amend its pleading. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also* Fed. R. Civ. P. 15 (leave to amend "shall be freely given when justice so requires"). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182). An "amended complaint supersedes the original [complaint], the latter being

1

1   treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474
2   (9th Cir. 1997), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693
3   F.3d 896 (9th Cir. 2012).

Plaintiff filed the complaint and motion for a preliminary injunction in this action on February 14, 2025. (ECF No. 1, 4.) Defendants moved to dismiss on March 21, 2025. (ECF No. 16.) Plaintiff sought an extension to file his opposition to the motion to dismiss until April 22, 2025, which the Court granted. (ECF Nos. 19, 21.) Plaintiff then filed a motion for leave to file a first amended complaint, instead of a response to the motion to dismiss. (ECF No. 22.) Defendants have objected, arguing that Plaintiff's proposed amendments are futile. (ECF No. 25.)

Plaintiff's first amended complaint seeks to cure defects identified in Defendants' motion to dismiss, adds a new defendant, and expands legal claims. (ECF No. 22.) There is no evidence suggesting that the amendment is sought in bad faith, will create undue delay, or will prejudice Defendants. Defendants cite to the Second Circuit's holding that, when a plaintiff amends their complaint while a defendant's motion to dismiss is pending, "the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020). Because the Court finds that granting leave to amend is appropriate, the Court denies Defendants' pending motion to dismiss as moot.

Because Plaintiff's motion for a preliminary injunction and motion for a hearing on that motion were both tied to the original complaint, both motions are denied as moot.

**II.    CONCLUSION**

The Court therefore grants Plaintiff's motion to amend (ECF No. 22).

Plaintiff's first amended complaint (ECF No. 50-1) is the operative complaint in this action.

2

Plaintiff's motion for a preliminary injunction (ECF No. 4) is denied as moot without prejudice.

Plaintiff's motion for a hearing on the motion for a preliminary injunction (ECF No. 12) is denied as moot without prejudice.

Defendants' motion to dismiss (ECF No. 16) is denied as moot without prejudice.

DATED: May 28, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE