UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DREW J. RIBAR,

Plaintiff,

v.

STATE OF NEVADA; NEVADA LEGISLATIVE COUNSEL BUREAU; KEVIN C. POWERS, in his official and individual capacity; LOBBYIST REGISTRAR, in their official and individual capacity; BRENDA J. ERDOES, in her official capacity as LCB Director; DOE DEFENDANTS 1-10,

Defendants.

Case No. 3:25-cv-00090-ART-CSD

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES**

INTRODUCTION

- Plaintiff Drew J. Ribar, proceeding pro se, challenges the constitutionality of Nevada Revised Statutes (NRS) Chapter 218H and Joint Standing Rule 25, which prohibit simultaneous registration as a credentialed press member and unpaid lobbyist during the Nevada Legislative Session. This restriction violates Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 8, 9, and 10 of the Nevada Constitution by forcing him to choose between fundamental rights to free speech, press, petition, equal protection, and due process.

PLEADING TITLE - 1

- Plaintiff is an independent journalist operating Auditing Reno 911 (25,000+ subscribers, 13+ million views), a 2024/2026 Assembly District 40 candidate, a registered paid lobbyist in the 2019 and 2023 Nevada Legislative Sessions, and founder of the Nevada State Towing Association. In 2024, his candidacy was unconstitutionally impaired when Washoe County omitted his name from the sample ballot, violating his due process and electoral rights under the Nevada Constitution (Ribar v. Washoe County, No. 88901, 2024 Nev. Unpub. LEXIS [pending]).

- On January 28, 2025, Plaintiff applied for media credentials and unpaid lobbyist registration to lobby for his bill, the "Constitutional Rights and Public Service Act of 2025" (Exhibit G), which mandates constitutional training for government employees to enhance public trust and accountability, and to report legislatively via Auditing Reno 911 (Exhibit F). On January 29, 2025, Defendant Kevin C. Powers denied this application, citing NRS 218H.080(2)(b)'s prohibition on dual roles (Exhibit F), despite Plaintiff's lawful lobbying history and Nevada's historical precedent of allowing such roles (e.g., Wallie Warren).

- This denial caused concrete and ongoing harm: Plaintiff cannot lobby for Exhibit G, accept paid lobbying offers (Exhibits C-E), or fully exercise his press rights, chilling his constitutional protections, candidacy, and journalistic mission. The Nevada Supreme Court in Mack v. Williams (138 Nev. Adv. Op. 86, 2022) recognizes a private right of action for damages under self-executing Nevada constitutional provisions like Sections 8, 9, and 10, rejecting qualified immunity for state actors as a federal doctrine absent legislative authorization (id. at *14).

PLEADING TITLE - 2

- Defendants' actions continue a pattern of constitutional violations against Plaintiff (Ribar v. Washoe County), and their immunity claims perpetuate an inequitable double standard: citizens face strict liability for legal ignorance (Marbury v. Madison, 5 U.S. 137, 163 (1803)), yet officials sworn to uphold the Nevada Constitution (art. 15, § 2) evade accountability, rendering rights "illusory" (Mack, at *25). This Court must intervene to protect Plaintiff's rights, ensure government accountability, and uphold Nevada's commitment to public trust and constitutional governance, particularly as Plaintiff's bill (Exhibit G) seeks to educate officials on these very rights.

**JURISDICTION AND VENUE**

- This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343(a)(3)-(4) (civil rights), and 1367 (supplemental jurisdiction for state claims). Plaintiff seeks injunctive relief against Defendants Powers, Lobbyist Registrar, and Erdoes in their official capacities under Ex parte Young (209 U.S. 123 (1908)), and damages against Powers and the Lobbyist Registrar in their individual capacities under Hafer v. Melo (502 U.S. 21 (1991)), overcoming Eleventh Amendment objections.
- Venue is proper under 28 U.S.C. § 1391(b)(1)-(2), as Defendants reside in Nevada, and events occurred in this district.

**PARTIES**

- Plaintiff Drew J. Ribar is a Washoe Valley, Nevada, resident, independent journalist operating Auditing Reno 911 (25,000+ subscribers, 13+ million views), a 2024/2026 Assembly District 40 candidate (Ribar v. Washoe County), a registered paid lobbyist in the 2019 and 2023 Nevada Legislative Sessions for his business, and founder and first

PLEADING TITLE - 3

- president of the Nevada State Towing Association, advocating for industry standards and public safety.
- Defendant State of Nevada is named for injunctive relief purposes, as it enforces NRS 218H through its agencies.
- Defendant Nevada Legislative Counsel Bureau (LCB) is a state agency that administers lobbying and press credentials, responsible for denying Plaintiff's dual registration, and subject to suit for injunctive relief.
- Defendant Kevin C. Powers, LCB General Counsel, personally denied Plaintiff's dual registration on January 29, 2025 (Exhibit F), and is sued in his official capacity for injunctive relief and individual capacity for damages.
- Defendant Lobbyist Registrar, an LCB official, administers lobbying registration under NRS 218H, enforcing the challenged restriction, and is sued in their official capacity for injunctive relief and individual capacity for damages.
- Defendant Brenda J. Erdoes, LCB Director, has supervisory authority over NRS 218H's implementation (NRS 218H.505(1)) and is sued in her official capacity for injunctive relief.
- Doe Defendants 1-10 are unknown LCB officials or employees involved in processing or enforcing credentialing decisions under NRS 218H, such as staff reviewing applications or implementing registration policies, whose identities will be revealed through discovery, sued in their official and individual capacities.

**FACTUAL BACKGROUND**

- Plaintiff has a well-established history of legislative and civic engagement. In the 2019 and 2023 Nevada Legislative Sessions, he was a registered paid lobbyist, lawfully

PLEADING TITLE - 4

representing his business and the Nevada State Towing Association, which he founded to advocate for industry standards and public safety. In 2024, Plaintiff ran for Assembly District 40, but his candidacy was unconstitutionally impaired when Washoe County omitted his name from the sample ballot, violating his due process and electoral rights under the Nevada Constitution (Ribar v. Washoe County, No. 88901, 2024 Nev. Unpub. LEXIS [pending]).

- On January 28, 2025, Plaintiff applied to the LCB for media credentials and unpaid lobbyist registration to lobby for his bill, the "Constitutional Rights and Public Service Act of 2025" (Exhibit G), which mandates constitutional training for government employees and contractors to enhance public trust and accountability, and to report on legislative proceedings via Auditing Reno 911 (Exhibit F). This bill aligns with his 2024/2026 candidacy platform and his prior advocacy for transparent governance.

- On January 29, 2025, Defendant Powers denied Plaintiff's application, citing NRS 218H.080(2)(b), which he interpreted as prohibiting simultaneous registration as a press member and lobbyist (Exhibit F). Plaintiff sought reconsideration, citing violations of his U.S. and Nevada constitutional rights and Nevada's historical precedent of allowing dual roles, such as journalist-lobbyist Wallie Warren, whose contributions are commemorated in the Legislative Building (Exhibit F). Powers refused reconsideration, asserting the restriction's necessity without addressing constitutional concerns (Exhibit F, Jan. 30-Feb. 3, 2025).

- Since filing this action on February 14, 2025, Plaintiff has received three paid lobbying offers, which he was forced to decline due to NRS 218H's restriction, constituting concrete economic and expressive harm:

PLEADING TITLE - 5

- March 15, 2025: Jim Winslow of Innovative Concepts Group, LLC, offered Plaintiff a paid lobbying contract to advocate for house hardening protections in state building codes (Exhibit C).
- March 31, 2025: Jeffrey Lowden of Biltmore Construction, LLC, offered Plaintiff a paid lobbying contract to address permitting delays in Northern Nevada jurisdictions (Exhibit D).
- March 31, 2025: Jeffrey Lowden of Sky West Real Estate Services, Inc., offered Plaintiff a paid lobbying contract to challenge a billboard moratorium (Exhibit E). [Note: Prior submissions listed March 10, 2025, for Exhibits D and E; these dates are corrected to March 31, 2025, per Plaintiff's clarification, as reflected in the exhibit cover sheets.]
- NRS 218H disproportionately burdens independent journalists like Plaintiff, who lack the resources of traditional media outlets that employ separate lobbyists, chilling his speech, press, and petition rights. This enforcement mirrors prior constitutional violations against Plaintiff (Ribar v. Washoe County), establishing a pattern of unconstitutional conduct by Nevada officials that undermines public trust in government accountability.
- Defendants' enforcement of NRS 218H is an administrative act, not a legislative one, as it involves the rote application of a statutory mandate (NRS 218H.080(2)(b)) without discretionary policymaking. Plaintiff complied with lobbying laws in 2019 and 2023, and Defendants' denial lacks any legislative character (Supreme Ct. of Va. v. Consumers Union, 446 U.S. 719, 731-34 (1980)).
- Without judicial relief, Plaintiff faces irreparable harm in the 2025 Legislative Session, unable to lobby for Exhibit G, accept paid offers (Exhibits C-E), or fully exercise his press rights, which undermines his 2026 candidacy, his journalistic mission to expose

PLEADING TITLE - 6

government misconduct, and the public's interest in transparent governance and constitutional education (Globe Newspaper Co. v. Superior Ct., 457 U.S. 596 (1982)). Exhibit G's goal of educating officials on constitutional rights directly serves the public interest, and Ribar v. Washoe County underscores Nevada's urgent need for judicial oversight to prevent recurring violations, making injunctive relief critical (Winter v. NRDC, 555 U.S. 7, 20 (2008)).

**RESPONSE TO DEFENDANTS' OBJECTIONS**

- Defendants' Motion to Dismiss (ECF Nos. 16, 17) raises six objections, each addressed herein:
- Lack of Standing: Plaintiff's 2019/2023 lobbying, intent to lobby Exhibit G, post-filing offers (Exhibits C-E), and prior violation (Ribar v. Washoe County) establish concrete injury, traceability, and redressability (Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).
- Eleventh Amendment Immunity: Injunctive relief against Powers, Registrar, and Erdoes is permissible under Ex parte Young (209 U.S. 123 (1908)); damages target individuals (Hafer v. Melo, 502 U.S. 21 (1991)).
- Failure to State a § 1983 Claim: Claims target Powers and Registrar as "persons" in individual capacities, not State/LCB (Will v. Mich. Dep't State Police, 491 U.S. 58 (1989)).
- Improper Defendants: Powers' denial (Exhibit F), Registrar's role, and Erdoes' authority (NRS 218H.505(1)) satisfy Ex parte Young (Snoeck v. Brussa, 153 F.3d 984, 986 (9th Cir. 1998)).

PLEADING TITLE - 7

- Legislative Immunity: Enforcement is administrative, not legislative (Consumers Union, 446 U.S. 719, 731-34 (1980)), as shown by Plaintiff's routine compliance in 2019/2023.
- State Law Claims: Federal claims survive, supporting supplemental jurisdiction (28 U.S.C. § 1367); Mack v. Williams authorizes state damages.

**LEGAL CLAIMS**

**Count I: Violation of First Amendment (42 U.S.C. § 1983 – Free Speech, Press, Petition)**

23. The First Amendment protects Plaintiff's rights to free speech, press, and petition (Citizens United v. FEC, 558 U.S. 310 (2010)). NRS 218H and Joint Standing Rule 25, as enforced by Defendants (Exhibit F), impose an unconstitutional condition by forcing Plaintiff to choose between these fundamental rights, chilling his ability to lobby for his bill (Exhibit G), accept paid lobbying contracts (Exhibits C-E), and report legislatively via Auditing Reno 911. 24. No historical tradition in 1791 (U.S. Constitution ratification) or 1864 (Nevada Constitution adoption) supports restricting dual press-lobbyist roles (N.Y. State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022)). Early American journalists, such as Benjamin Franklin, combined reporting with political advocacy, as did Nevada's Wallie Warren, whose journalist-lobbyist legacy is honored in the Legislative Building (Exhibit F). Defendants offer no evidence of such a tradition, and their enforcement lacks a compelling governmental interest or narrow tailoring. 25. Defendants' actions, specifically Powers' denial on January 29, 2025 (Exhibit F), directly caused Plaintiff's injury, traceable to their enforcement of NRS 218H and redressable by injunctive relief and damages. Plaintiff's 2019/2023 lobbying history, 2024 candidacy (Ribar v. Washoe County), and ongoing harm (Exhibits C-E) demonstrate a concrete, particularized injury.

**Count II: Violation of Nevada Constitution, Article 1, Sections 8, 9, and 10 (Damages and Injunctive Relief)**

PLEADING TITLE - 8

26. Article 1, Section 8 of the Nevada Constitution guarantees due process; Section 9 prohibits laws restraining speech or press; Section 10 guarantees the right to petition. These provisions are self-executing, and Mack v. Williams (138 Nev. Adv. Op. 86, at *15) recognizes a private right of action for damages against state actors for violations, rejecting qualified immunity as a federal doctrine absent legislative authorization (id. at *14). 27. Defendants' enforcement of NRS 218H (Exhibit F) violates these rights by prohibiting Plaintiff from simultaneously lobbying for his bill (Exhibit G) and reporting as a journalist, causing economic damages (lost opportunities, Exhibits C-E), expressive harm, and damage to his 2026 candidacy. Plaintiff's 2019/2023 lobbying and 2024 candidacy (Ribar v. Washoe County) underscore the severity of this loss, as he relied on these rights previously to engage in legislative advocacy and public discourse. 28. Defendants, sworn to uphold the Nevada Constitution (art. 15, § 2), knowingly enforced an unconstitutional restriction, yet claim immunity, creating an inequitable double standard: citizens face strict liability for violating the law (Marbury v. Madison, 5 U.S. 137, 163 (1803)), but officials evade accountability for breaching their constitutional oath. Mack v. Williams holds that without remedies, constitutional rights are "illusory" (id. at *25), and NRS 41.031(1) waives immunity for state actors, with no statutory exception restoring it, supporting damages against Powers and the Lobbyist Registrar in their individual capacities. 29. This pattern of violations (Ribar v. Washoe County) demonstrates a systemic disregard for constitutional protections, eroding public trust in Nevada's government. Defendants' actions undermine the state's commitment to accountability, as evidenced by Plaintiff's bill (Exhibit G), which seeks to educate officials on these very rights, necessitating judicial intervention to deter future abuses and uphold Nevada's constitutional framework.

PLEADING TITLE - 9

**Count III: Violation of Fourteenth Amendment Equal Protection (42 U.S.C. § 1983)**

30. NRS 218H, as enforced by Defendants (Exhibit F), violates the Equal Protection Clause of the Fourteenth Amendment and Article 4, Section 21 of the Nevada Constitution by disproportionately burdening independent journalists like Plaintiff, who cannot delegate lobbying to separate staff as traditional media outlets do (Arkansas Writers' Project v. Ragland, 481 U.S. 221 (1987)). Plaintiff's 2019/2023 lobbying faced no such restriction, suggesting Defendants' enforcement is selectively applied to suppress independent voices critical of government, constituting viewpoint discrimination. 31. This unequal treatment lacks a rational basis, as Defendants offer no compelling justification for favoring corporate media over independent journalists. The injury is traceable to Defendants' actions and redressable by injunctive relief and damages, protecting Plaintiff's right to equal treatment under the law.

**Count IV: Violation of Fourteenth Amendment and Nevada Constitution, Article 1, Section 8 (Procedural Due Process – 42 U.S.C. § 1983)**

32. Plaintiff's established lobbying interest, evidenced by his 2019/2023 paid registrations and leadership in the Nevada State Towing Association, and his protected political candidacy (Ribar v. Washoe County), constitute liberty and property interests under the Fourteenth Amendment and Article 1, Section 8 of the Nevada Constitution (Board of Regents v. Roth, 408 U.S. 564 (1972)). 33. Defendants denied Plaintiff's dual registration on January 29, 2025 (Exhibit F), without notice, a hearing, or an opportunity to appeal, violating procedural due process. This mirrors prior unconstitutional conduct (Ribar v. Washoe County), causing harm redressable by damages against Powers and the Lobbyist Registrar in their individual capacities and injunctive relief to prevent further deprivations.

**Count V: Overbreadth and Facial Challenge (First Amendment – 42 U.S.C. § 1983)**

34. NRS 218H.080(2)(b) and Joint Standing Rule 25 are facially overbroad, restricting substantially more protected speech than necessary to achieve any legitimate governmental interest (McIntyre v. Ohio Elections Comm'n, 514 U.S. 334 (1995)). The blanket prohibition on dual press-lobbyist registration chills Plaintiff's rights to lobby (Exhibit G), accept offers (Exhibits C-E), and report, as well as the rights of other independent journalists and advocates, without case-by-case evaluation of actual conflicts. 35. This overbreadth discourages public participation in legislative advocacy and press oversight, undermining democratic transparency and accountability, and warrants facial invalidation of the challenged provisions.

**REQUEST FOR RELIEF**

Plaintiff respectfully requests: A. A declaratory judgment that NRS 218H.080(2)(b) and Joint Standing Rule 25 are unconstitutional, both facially and as applied to Plaintiff's dual press-lobbyist registration. B. Preliminary and permanent injunctions enjoining Defendants from enforcing the prohibition on simultaneous press and lobbyist registration. C. Nominal and compensatory damages against Defendants Powers and the Lobbyist Registrar in their individual capacities under Mack v. Williams (138 Nev. Adv. Op. 86) for violations of Nevada Constitution Article 1, Sections 8, 9, and 10, and under 42 U.S.C. § 1983 for federal violations. D. Attorney's fees and costs pursuant to 42 U.S.C. § 1988. E. Leave to amend this Complaint to add additional claims or parties as facts are revealed through discovery. F. Such other relief as the Court deems just and equitable.

Dated: April 22, 2025

/s/ Drew J. Ribar

**Drew J. Ribar, Pro Se**

PLEADING TITLE - 11

3480 Pershing Ln, Washoe Valley, NV 89704

775-223-7899

const2audit@gmail.com (mailto:const2audit@gmail.com)

EXHIBITS

- Exhibit C: Declaration of Jim Winslow (March 15, 2025 Offer, dated April 1, 2025)
- Exhibit D: Declaration of Jeffrey Lowden (Biltmore Construction, March 31, 2025 Offer, dated April 1, 2025)
- Exhibit E: Declaration of Jeffrey Lowden (Sky West Real Estate, March 31, 2025 Offer, dated April 1, 2025)
- Exhibit F: LCB Email Correspondence (January-February 2025)
- Exhibit G: Bill Draft Request for "Constitutional Rights and Public Service Act of 2025" (2025 Legislative Session)

**MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff respectfully moves for leave to file this First Amended Complaint to address objections raised in Defendants' Motion to Dismiss (ECF Nos. 16, 17), including lack of standing, Eleventh Amendment immunity, improper defendants, legislative immunity, failure to state a § 1983 claim, and state law claims. This amendment clarifies Plaintiff's standing through his 2019/2023 lobbying history, 2024 candidacy (Ribar v. Washoe County), and new evidence (Exhibits C-G), adds Defendant Brenda J. Erdoes to address authority concerns, and includes additional claims (equal protection, due process) supported by Mack v. Williams (138 Nev. Adv. Op. 86, 2022). Filed within the Court's extended deadline (ECF No. 19), this amendment causes no prejudice to Defendants, as no discovery has commenced, and promotes judicial efficiency by resolving

PLEADING TITLE **-** 12

issues raised in the motion. Plaintiff requests the Court accept this amended complaint or grant leave to file it promptly.

**CERTIFICATE OF SERVICE**

I certify that on April 22, 2025, I served this First Amended Complaint, Motion for Leave to Amend, and Exhibits C-G via email per FRCP 5(b)(2)(E) to:

- kpowers@lcb.state.nv.us (mailto:kpowers@lcb.state.nv.us)
- jaime.black@lcb.state.nv.us (mailto:jaime.black@lcb.state.nv.us)
- tara.zimmerman@lcb.state.nv.us (mailto:tara.zimmerman@lcb.state.nv.us)

PLEADING TITLE - 13