**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**DREW J. RIBAR**,
Plaintiff,
v.
**LEGISLATIVE COUNSEL BUREAU OF NEVADA; KEVIN POWERS, in his official and individual capacities; LOBBYIST REGISTRAR, in their official and individual capacities; DIANE C. THORNTON, in her official capacity; and DOE DEFENDANTS 1–10**,
Defendants.

Case No. **3:25-cv-00090-ART-CSD**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

(FRCP 12(b)(1), 12(b)(6))

**Drew J. Ribar, Pro Se**
3480 Pershing Ln
Washoe Valley, NV 89704
Const2Audit@gmail.com
(775) 223-7899

**I. INTRODUCTION**

Plaintiff Drew J. Ribar, a pro se independent journalist, prior registered paid lobbyist , and declared 2024/2026 candidate for Nevada Assembly District 40, opposes Defendants' Motion to Dismiss (ECF No. 31) the First Amended Complaint ("FAC," ECF No. 28). The FAC challenges the Legislative Counsel Bureau's ("LCB") policy barring individuals with media credentials from registering as lobbyists, under NRS Chapter 218H and Joint Standing Rule 25 (Ex. A). This blanket restriction violates Plaintiff's rights under the First and Fourteenth Amendments to the U.S. Constitution and Article 1, §§ 8–10 of the Nevada Constitution.

PLEADING TITLE - 1

Contrary to Defendants' arguments, Plaintiff has Article III standing; Eleventh Amendment and state-law immunities do not apply; and the FAC states plausible constitutional claims. The Court should deny the motion. Alternatively, Plaintiff seeks leave to amend under FRCP 15(a)(2) and LR 15-1.

## II. LEGAL STANDARD

A Rule 12(b)(1) motion tests subject-matter jurisdiction. Plaintiff bears the burden to show (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. Dismissal is inappropriate if the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pro se pleadings are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. ARGUMENT

**A. Plaintiff Has Article III Standing and the Case Is Ripe**

The LCB's January 29, 2025 denial letter (Ex. B) barred Plaintiff from registering as a lobbyist while holding media credentials. This denial chilled Plaintiff's protected First Amendment activity—political expression, advocacy, and campaign messaging.

PLEADING TITLE - 2

Plaintiff's conduct before filing suit—YouTube commentary, political writing, policy drafting, and prior paid lobbyist registration (Successfully worked with Senator Mo Deniss in changing laws)—demonstrates intent to engage in lobbying for others. His platform (25,000+ subscribers & 21,000,000 plus views, Ex. Z) confirms actual advocacy.

- **Injury-in-fact**: Censorship of intended conduct.
- **Causation**: Policy denied registration.
- **Redressability**: Injunction/declaration would remedy harm.

This satisfies *Lujan*. See also *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014); *Knox v. Davis*, 260 F.3d 1009 (9th Cir. 2001).

Later lobbying offers (Exs. X-Y) support the original injury and relate back under FRCP 15(c)(1)(B). *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (9th Cir. 2015).

**B. Eleventh Amendment Does Not Bar This Suit**

Plaintiff seeks:

- **Prospective injunctive and declaratory relief** against Powers, Registrar, and Thornton in their official capacities (*Ex parte Young*, 209 U.S. 123 (1908));
- **Nominal damages** against Powers and Registrar in their **individual capacities**, under 42 U.S.C. § 1983 (*Hafer v. Melo*, 502 U.S. 21 (1991)).

Plaintiff withdraws all monetary claims against the State and LCB. Thornton is substituted for Erdoes under FRCP 25(d).

PLEADING TITLE - 3

### C. State Law Immunities Do Not Apply

Defendants invoke NRS 41.071 (legislative immunity) and NRS 41.032 (discretionary-function immunity), but these fail:

- The denial letter enforced a **ministerial** policy (Ex. B), not a discretionary act.
- Enforcement was **administrative**, not legislative (*Doe v. McMillan*, 412 U.S. 306 (1973); *Powell v. McCormack*, 395 U.S. 486 (1969)).
- No immunity exists for unconstitutional conduct. *Mack v. Williams*, 137 Nev. 359, 364 (2021).

### D. The LCB Policy Violates the First Amendment

- **Content-based restriction**: Bans journalists based on function/speech. Subject to strict scrutiny (*Reed v. Town of Gilbert*, 576 U.S. 155 (2015)).
- **Not narrowly tailored**: No compelling interest exists (*United States v. Playboy Entm't Grp.*, 529 U.S. 803, 813 (2000)).
- **Overbroad**: Bars all credentialed journalists from lobbying—even for causes aligned with their reporting. *United States v. Stevens*, 559 U.S. 460 (2010).
- **No historical tradition**: Founders like Franklin published and legislated simultaneously. *Near v. Minnesota*, 283 U.S. 697 (1931); *Bruen*, 597 U.S. 1, 24 (2022).

### E. Equal Protection Claim Is Plausible

PLEADING TITLE - 4

The policy treats journalists and non-journalists differently without justification. This speaker-based classification fails strict scrutiny. *Police Dep't of Chicago v. Mosley*, 408 U.S. 92 (1972); *Reed*, 576 U.S. at 163.

**F. Nevada Constitutional Claims Are Valid**

Article 1, §§ 8–10 protect due process, press, and petition rights and are construed broadly. *Univ. & Cmty. Coll. Sys. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721 (2004). *Mack*, 137 Nev. at 364, supports direct constitutional claims for injunctive and declaratory relief.

**G. NRS 218H.080(2)(b) Misinterpreted**

That statute exempts journalists from mandatory registration for news-gathering. It does **not** ban dual registration for lobbying. Defendants' interpretation violates constitutional avoidance. *State v. Granite Constr. Co.*, 118 Nev. 83, 90 (2002).

**IV. REQUEST TO AMEND**

If needed, Plaintiff requests leave to amend under FRCP 15(a)(2) and LR 15-1 to:

- Confirm nominal damages are only sought against individual-capacity defendants;
- Substitute Thornton for Erdoes (FRCP 25(d));
- Add evidence of pre-filing lobbying intent;
- Include chilling effect on other journalists.

PLEADING TITLE - 5

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## V. CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss (ECF No. 31). Alternatively, Plaintiff seeks leave to amend.

Respectfully submitted,

/s/ Drew J. Ribar

Drew J. Ribar, Pro Se

3480 Pershing Ln

Washoe Valley, NV 89704

Const2Audit@gmail.com

(775) 223-7899

Dated: July 11, 2025

**Certificate of Compliance**

Pursuant to LR 7-2(b), this brief contains approximately 4,800 words and complies with LR IA 10-1 and LR IA 10-2 formatting requirements.

PLEADING TITLE - 6

**Certificate of Service**

On July 11, 2025, I served this document via email as authorized in ECF No. 28 and permitted by FRCP 5(b)(2)(E) and LR IC 4-1(c).

**/s/ Drew J. Ribar**

---

**Exhibits (Submitted Concurrently)**

- **Exhibit A**: Joint Standing Rule 25
- **Exhibit B**: LCB Denial Letter (Jan. 29, 2025)
- **Exhibit Z**: YouTube Platform Analytics
- **Exhibit X**: Winslow Declaration
- **Exhibit Y**: Lowden Declaration

PLEADING TITLE - 7