1  KEVIN C. POWERS, General Counsel
   Nevada State Bar No. 6781
2  JAIME K. BLACK, Chief Deputy General Counsel
   Nevada State Bar No. 11668
3  TARA C. ZIMMERMAN, Chief Employment Counsel
   Nevada State Bar No. 12146
4  NEVADA LEGISLATIVE COUNSEL BUREAU, LEGAL DIVISION
   401 S. Carson St.
5  Carson City, NV 89701
   Tel: (775) 684-6830; Fax: (775) 684-6761
6  Email: kpowers@lcb.state.nv.us; jaime.black@lcb.state.nv.us; tara.zimmerman@lcb.state.nv.us
   *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DREW J. RIBAR,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA; NEVADA LEGISLATIVE COUNSEL BUREAU; KEVIN C. POWERS, in his official and individual capacity; LOBBYIST REGISTRAR, in their official and individual capacity; DIANE C. THORNTON, in her official capacity as the Acting Director of the Nevada Legislative Counsel Bureau; and DOE DEFENDANTS 1-10,<br><br>    Defendants. | Case No. 3:25-cv-00090-ART-CSD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO VACATE ORDER SETTING CASE MANAGEMENT CONFERENCE (ECF NO. 33) AND TO STAY ALL DISCOVERY AND RELATED PRETRIAL PROCEEDINGS UNTIL AFTER RESOLUTION OF PENDING MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 31)** |

Defendants State of Nevada; Nevada Legislative Counsel Bureau ("LCB"); Kevin C. Powers, in his official and individual capacity; Lobbyist Registrar, in their official and individual capacity; and Diane C. Thornton, in her official capacity as the Acting Director of the LCB (collectively "Legislative Defendants"), by and through their counsel the Legal Division of the LCB ("LCB Legal"), hereby file their reply in support of motion to vacate the Order Setting Case Management Conference (ECF No. 33) and to stay all discovery and related pretrial proceedings

1  until after resolution of the pending motion to dismiss Plaintiff Ribar's first amended complaint
2  ("FAC") (ECF No. 31).[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

Legislative Defendants filed and served their motion (ECF No. 36) on July 22, 2025. Under LR 7-2(b), Ribar's deadline to file and serve any points and authorities in response to the motion expired on August 5, 2025. However, Ribar failed to file and serve any points and authorities in response to the motion by that deadline. Under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." *See World Mkt. Ctr. Venture, LLC v. Ritz*, 597 F. Supp. 2d 1186, 1188 (D. Nev. 2009) ("Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. Ordinarily the rule would provide justification to grant the Motion." (citations omitted)); *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 627 (D. Nev. 2002) ("Since Plaintiffs failed to file an opposition to Wanderer's motion to quash, it is deemed consented to pursuant to Local Rule 7-2, and the motion is granted.").

Furthermore, based on the merits of the points and authorities in the motion, Legislative Defendants have established that the motion should be granted. First, Legislative Defendants have established that, if the pending motion to dismiss is granted, it will be dispositive of all federal and state claims alleged in the FAC, and there will be no valid reason for discovery and related pretrial proceedings to be conducted by the Court and the parties in this case.

---

[1] In the FAC, Ribar adds Brenda J. Erdoes as a Defendant in her former official capacity as the Director of the LCB. However, Ms. Erdoes retired from the LCB more than 14 months ago on April 1, 2024, before the alleged events being challenged in the FAC. Therefore, the current Acting Director of the LCB, Diane C. Thornton, is "automatically substituted as a party" in her official capacity under FRCP 25(d).

Second, Legislative Defendants have established that, based on their colorable and viable immunity defenses, the Court has an obligation to decide the immunity defenses **before** any discovery and related pretrial proceedings are conducted so that the immunity defenses are not vitiated by Legislative Defendants being "subjected to the burdens of such pretrial matters as discovery." HIRA Educ. Servs. N. Am. v. Augustine, 991 F.3d 180, 188 (3d Cir. 2021).

Third, Legislative Defendants have established that, even if the pending motion to dismiss is denied, Legislative Defendants would seek to stay the district court proceedings, including all discovery and related pretrial proceedings, while they pursued their right under the collateral order doctrine to an immediate appeal and interlocutory judicial review of the denial of the immunity defenses. See FRAP 8; HIRA Educ. Servs., 991 F.3d at 187-88; Allman v. Smith, 764 F.3d 682, 684 (7th Cir. 2014).

Consequently, to carry out one of the primary and important purposes of the immunity defenses, which is to prevent Legislative Defendants from being subjected to the burdens of discovery and related pretrial proceedings **before** the immunity defenses are conclusively resolved in the district court and, if necessary, on appeal, and to further the goal of efficiency for the Court and the parties in this case, the Court should grant Legislative Defendants' motion to vacate the Order Setting Case Management Conference (ECF No. 33) and stay all discovery and related pretrial proceedings until after resolution of the pending motion to dismiss (ECF No. 31).

## CONCLUSION

Based upon the merits of the motion, along with Ribar's failure to file and serve any points and authorities in response to the motion, Legislative Defendants respectfully ask the Court to grant the motion to vacate the Order Setting Case Management Conference (ECF No. 33) and to stay all discovery and related pretrial proceedings until after resolution of the pending motion to dismiss the FAC (ECF No. 31).

DATED: This __7th__ day of August, 2025.

By: /s/ Kevin C. Powers
**KEVIN C. POWERS**, General Counsel
Nevada State Bar No. 6781
**JAIME K. BLACK**, Chief Deputy General Counsel
Nevada State Bar No. 11668
**TARA C. ZIMMERMAN**, Chief Employment Counsel
Nevada State Bar No. 12146
NEVADA LEGISLATIVE COUNSEL BUREAU, LEGAL DIVISION
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the Nevada Legislative Counsel Bureau, Legal Division, and that on the __7th__ day of August, 2025, pursuant to FRCP 5(b) and LR Part IC, I filed and served a true and correct copy of Legislative Defendants' Reply in Support of Motion to Vacate Order Setting Case Management Conference (ECF No. 33) and to Stay All Discovery and Related Pretrial Proceedings Until After Resolution of Pending Motion to Dismiss First Amended Complaint (ECF No. 31) by (1) using the Court's CM/ECF system for electronic service and (2) sending it via electronic mail pursuant to FRCP 5(b)(2)(E) and the parties' consent in writing to service by electronic mail, directed to the following:

Drew J. Ribar
3480 Pershing Ln.
Washoe Valley, NV 89704
const2audit@gmail.com
*Plaintiff Pro Se*

/s/ Kevin C. Powers
An Employee of the Legislative Counsel Bureau