UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DREW J. RIBAR,

Plaintiff,

v.

STATE OF NEVADA et al.,

Defendants.

Case No. 3:25-cv-00090-ART-CSD

ORDER

*Pro se* Plaintiff Drew Ribar brings this action against Defendants State of Nevada, Nevada Legislative Counsel Bureau ("LCB"), LCB General Counsel Kevin C. Powers, LCB Lobbyist Registrar, LCB Acting Director Diane C. Thornton,[1] and Doe defendants alleging constitutional violations related to rules on registering as a lobbyist and receiving media credentials at the Nevada Senate and Assembly. (ECF No. 28.) Pending before the Court is Defendants' motion to dismiss. (ECF No. 31.) Mr. Ribar has also filed a motion to amend his complaint. (ECF No. 40.) The Court denies Mr. Ribar's motion to amend his complaint and grants the motion to dismiss in part.

## I.      MOTION TO AMEND COMPLAINT

"[A] court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see also* Fed. R. Civ. P. 15 (leave to amend "shall be freely given when justice so requires"). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the

---

[1] Mr. Ribar pleaded claims against LCB Director Brenda J. Erdoes in her official capacity. Defendants say that Ms. Erdoes has retired and that her successor is Acting Director Diane C. Thornton, and when a public officer resigns, "the officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25. Mr. Ribar does not contest that Ms. Thornton is the proper defendant.

1

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182). An "amended complaint supersedes the original [complaint], the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

Mr. Ribar initially filed suit in February 2025, and in May 2025 filed a first amended complaint with leave of the court. (ECF Nos. 1; 28.) Mr. Ribar now seeks leave to amend his complaint a second time. (ECF No. 40.) Defendants oppose, arguing that Mr. Ribar's proposed amendments are futile. (ECF No. 41.)

Mr. Ribar's proposed amendments would be futile, *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117, and granting his motion would not be in the interests of justice. Fed. R. Civ. P. 15. The gravamen of Mr. Ribar's proposed second amended complaint is the same as the first. It differs from his first amended complaint mainly in that he has removed some parties, removed allegations under Article 1 section 8 of the state constitution, clarified the relief sought, and added certain facts explaining why he seeks expedited relief. (ECF Nos. 40; 40-1.) He has not added additional facts that would answer Defendants' motion to dismiss by helping him establish standing, subject matter jurisdiction, or more completely plead his claim. Moreover, Mr. Ribar proposes to remove his individual-capacity claims against Defendants Kevin C. Powers and Diane Thornton, even though those claims would otherwise survive the motion to dismiss. The Court therefore denies the motion to amend.

## II.    MOTION TO DISMISS

Defendants may challenge subject matter jurisdiction by filing a Rule 12(b)(1) motion. See Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ.

2

P. 12 (h) (3); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028-29 (9th Cir. 2023) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

A court may also dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief. *Id.* at 678–79.

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182.

III.    **DISCUSISON FOR MOTION TO DISMISS**

    **A. Standing**

Defendants move to dismiss under Rule 12(b)(1) and 12(h)(3) for lack of subject-matter jurisdiction. Because Article III limits federal court jurisdiction to cases and controversies, a plaintiff must have standing, which in turn "requires a plaintiff to have suffered an injury in fact, caused by the defendant's conduct, that can be redressed by a favorable result." *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[A]n injury in fact must be concrete, particularized, and actual or imminent, not hypothetical." *Id.* A standing analysis depends on the facts as they exist when the complaint is filed. *Id.* Because Mr. Ribar requests injunctive relief, he must also show a "a sufficient likelihood of injury in the future to establish standing." *Id.* In the Ninth Circuit, a plaintiff who faces "a credible threat of harm," that is "both real and immediate, not conjectural or hypothetical" meets the injury-in-fact requirement for standing under Article III. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (plaintiffs suffered a cognizable injury when the theft of their employer's laptop led to an increased risk that their personal data would be misused in the future).

The complaint alleges that Mr. Ribar was "a registered... lobbyist in the 2019 and 2023 Nevada Legislative Sessions." On January 29, 2025, he was denied lobbyist registration, which he sought in order to lobby for his own proposed bill. His initial complaint followed half a month later. Several weeks after that, third parties offered Mr. Ribar paid opportunities to lobby on their behaves, which he had to decline. Defendants claim that at the time of filing his complaint, Mr. Ribar had not suffered an injury-in-fact, because the denial of his lobbying credentials did not prevent him from lobbying for his bill on his own behalf as a matter of law, NRS 218H.080, and third parties had not yet asked him to lobby for them.

4

Mr. Ribar has sufficiently alleged standing. Plaintiffs can allege standing based on credible threats of future harm. Mr. Ribar has been involved in state legislative affairs as a lobbyist for years. At the time of filing his complaint, he faced a credible, real, and immediate likelihood that he would someday have to decline offers to lobby on behalf of others because of Defendants' actions. Cf. *Krottner*, 628 F.3d at 1143. That was in fact what ended up happening, which tends to show that the risk was credible at the time when Mr. Ribar filed his complaint.

### B. Eleventh Amendment

Defendants move to dismiss under Rules 12(b)(1) and 12(h)(3) on the basis that the Eleventh Amendment deprives this Court of subject-matter jurisdiction. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state," including "suits naming state agencies and departments as defendants, and [it] applies whether the relief sought is legal or equitable in nature." *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991). Unless they waive their immunity, states are immune from Section 1983 suits brought in federal court against them alleging violations of federal constitutional rights. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see, e.g. Moonin v. Nevada ex rel. Dep't of Pub. Safety Highway Patrol*, No. 3:12-CV-00353-LRH, 2014 WL 204915, at *3 (D. Nev. Jan. 17, 2014); *Semerjyan v. Serv. Emps. Int'l Union Loc. 2015*, 489 F. Supp. 3d 1048, 1056 (C.D. Cal. 2020). Nevada has not consented to suits otherwise barred by the Eleventh Amendment. NRS 41.031(3). Pendent state law claims brought against state officials acting in their official capacities are also subject to the Eleventh Amendment's bar. *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992), *as amended* (Oct. 9, 1992) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)).

Under the longstanding *Ex parte Young* exception, Plaintiffs may also sue state

officials in their official capacities where they seek declaratory or injunctive relief from that official's future acts in violation of the federal law. *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). To be subject to suit, the state official "'must have some connection with the enforcement of the act.'" *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). "[S]ome enforcement" means only that the defendant has a "relevant role that goes beyond 'a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision.'" *Mecinas v. Hobbs*, 30 F.4th 890, 903-04 (9th Cir. 2022) (quoting *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908 (9th Cir. 2004)).

The Eleventh Amendment does not bar Section 1983 claims for damages against state officials sued in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992). Neither does it prevent pendent state law claims brought against officials in their individual capacities. *Pena*, 976 F.2d at 473.

Mr. Ribar's federal constitutional claims and pendent state claims against the State of Nevada and the Legislative Counsel Bureau are barred by Eleventh Amendment sovereign immunity. *See, e.g. Moonin*, 2014 WL 204915, at *3; *Semerjyan*, 489 F. Supp. 3d at 1056. Mr. Ribar also sues LCB General Counsel Kevin C. Powers in his official and individual capacity, the unnamed LCB Lobbyist Registrar in their official and individual capacity, and LCB Director Diane Thornton in her official capacity only. Defendants argue that the official capacity claims against Mr. Powers and the Lobbyist Registrar are barred by the Eleventh Amendment, and only Ms. Thornton can be sued under *Ex parte Young*. Mr. Ribar alleges that Mr. Powers personally denied his application for unpaid lobbyist registration based on Mr. Powers' interpretation of law, while the Lobbyist

6

Registrar "administers lobbying registration" and "enforce[es] the challenged restriction." Taking Mr. Ribar's factual allegations in the complaint as true, Mr. Powers can be sued because personally denying Mr. Ribar's application gives him "some connection" to the wrongs alleged. However, Mr. Ribar does not allege any connection between the Lobbyist Registrar and the act of enforcement besides alluding to the Registrar's assumed administrative responsibilities.

Mr. Ribar's claims that survive the Eleventh Amendment analysis are his federal and state claims against Mr. Powers in his individual and official capacity for damages, his federal and state claims against the Lobbyist Registrar in their individual capacity for damages, and his federal and state claims against Diane Thornton in her official capacity for injunctive relief.

**C. Section 1983 restrictions**

Defendants move to dismiss under Rule 12(b)(6), arguing that Mr. Ribar's claims are inadequately pleaded because the state, its agencies, and officials acting in their official capacities are not "persons" who can be sued under Section 1983. Section 1983 provides, in relevant part, that "every person" who deprives an individual of his or her constitutional rights under color of state law shall be liable to that individual. 42 U.S.C. § 1983. States are not "persons" for the purposes of Section 1983. *Will*, 491 U.S. at 65. The Supreme Court has also held that state officials sued for monetary relief in their official capacities do not qualify as persons for purposes of Section 1983, since the suit is not against the individual officer but rather against the office. *Hafer*, 502 U.S. at 26 (citing *Will*, 491 U.S. at 66). But where officers are sued in their official capacities for injunctive relief, the suit is not treated as an action against the state, and the officer is subject to Section 1983 liability. *Id.* at 27.

Section 1983 provides an alternative basis for dismissing Mr. Ribar's federal claims against the State of Nevada and the Legislative Counsel Bureau. Where Mr. Powers, the Lobbyist Registrar, and Ms. Thornton are sued in their official

7

capacity, they are sued for injunctive relief only, so the restrictions on Section 1983 suits do not affect the claims against them. *Id.*

### D. Legislative Immunity

Defendants argue that Mr. Ribar's claims are inadequately pleaded because they are entitled to absolute legislative immunity as a matter of law. "Legislators are entitled to absolute common-law immunity against civil suits for their legislative acts, which is parallel to the immunity provided by the Speech or Debate Clause." *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012) (internal citations and quotations omitted.) The protection of absolute legislative immunity applies to legislative aides insofar as the conduct of the aide would be a protected legislative act if the legislator had performed it. *Gravel v. United States*, 408 U.S. 606, 618 (1972). The Ninth Circuit's test for whether an act was legislative is "(1) whether the act involves ad hoc decisionmaking, or the formulation of policy; and (2) whether the act applies to a few individuals, or to the public at large." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470 (9th Cir.1998). Courts also look to whether the act is "formally legislative [in] character" and whether it bears "all the hallmarks of traditional legislation." *Bogan v. Scott Harris*, 523 U.S. 44, 55 (1998). *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 578 (9th Cir. 1984) (a legislator acts in a legislative capacity when they enact a general zoning ordinance, but when the same person enforces that ordinance against a specific individual, they act in an executive capacity). Legislative immunity applies to actions for damages and for injunctive relief against legislators and aides sued in their individual capacities, but not does not apply when they are sued in their official capacities. *Id; Schmidt*, 693 F.3d at 1131 n.10 (citing *Hirsch v. Justices of the Supreme Court of the State of Cal.*, 67 F.3d 708, 715 (9th Cir.1995)). Mr. Ribar brings individual capacity claims against Mr. Powers and the Lobbyist Registrar, so those are the only claims that are potentially barred by legislative immunity. His claims against Ms. Thornton are

8

made against her in her official capacity, so legislative immunity does not apply. *Schmidt*, 693 F.3d at 1131 n.10.

Mr. Powers and the Lobbyist Registrar cannot take advantage of legislative immunity. Assuming for the purpose of analysis that these defendants are aides who can be protected by legislative immunity, their allegedly wrongful acts were not taken in a legislative capacity. *See Taylor v. State*, 472 P.3d 195 (Nev. 2020) (stating that the LCB does not exercise the legislative function when it codifies and classifies the statutes created by the legislature). According to the complaint, Mr. Powers and the Lobbyist Registrar's allegedly wrongful acts were acts of enforcement against an individual, which is typically an executive activity. *See Cinevision Corp.*, 745 F.2d at 578. Mr. Ribar has not alleged that their wrongful acts were formulations of policy, or that their acts affected more than one person.

## IV.    CONCLUSION

The Court therefore DENIES Plaintiff's motion to amend his complaint without prejudice.

The Clerk of Court is kindly directed to substitute Defendant Diane C. Thornton for Defendant Brenda Erdoes under Fed. R. Civ. P. 25(d).

The Court further GRANTS Defendants' MOTION TO DISMISS in part. Mr. Ribar's claims against the State of Nevada and the Legislative Counsel Bureau are dismissed without leave to amend. Mr. Ribar's claims against the Lobbyist Registrar in their official capacity are dismissed with leave to amend within 21 days of this order. Mr. Ribar's claims against Defendant Kevin C. Powers in his individual and official capacity, Defendant Lobbyist Registrar in their individual capacity, and Defendant Diane C. Thornton in her official capacity are not dismissed.

9

DATED: March 17, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

10